IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT A. HEARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3092 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

This matter comes before the Court on Petitioner Robert A. Hearn's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, And Supporting Memorandum Of Law (d/e 1) (Petition), and his two motions, both entitled ADDENDUM To Movant's Motion Under 28 U.S.C. § 2255, and MOTION TO STAY PROCEEDINGS (d/e 8 & 9) (Motions to Stay). For the reasons set forth below, the Petition and the Motions to Stay are denied.

### STATEMENT OF FACTS

On May 5, 2006, a grand jury indicted Hearn, charging him with one count of possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The

1

Government claimed that Hearn possessed 11 grams of crack cocaine and 15.4 grams of powder cocaine that he intended to distribute.  United States v. Hearn, 534 F.3d 706, 708 (7th Cir. 2008) (Hearn I), rehearing allowed, United States v. Hearn, 549 F.3d 680 (7th Cir. 2008) (Hearn II).

On May 17, 2006, Hearn met with his attorney Douglas Beevers.  Beevers told Hearn that, as a career offender, he faced a possible sentence of 360 months to life if he went to trial.  If Hearn pleaded guilty, Beevers told him that he faced a sentence of 262-327 months imprisonment.  Beevers told Hearn that he could reduce that sentence if he cooperated.  Hearn decided to cooperate.  Hearn I, 534 F.3d at 708.

Hearn made a proffer to the Government on May 25, 2006.  During the proffer session, Hearn stated that he had been dealing powder and crack cocaine since 1997.  Hearn told the officers about two of his suppliers.  Hearn hoped to secure his release in order to try to arrange controlled buys for the Government from the two suppliers.  The Government, however, did not offer to release him.  Id.

Hearn then made four telephone calls from the jail to his girlfriend and a friend named "Little G."  The calls were recorded.  During the calls, Hearn tried to convince Little G to sign a statement claiming that he owned

2

the drugs that formed the basis for the current charges against Hearn. Little G ultimately decided not to sign the statement. Hearn's efforts to fabricate evidence to secure his release, however, also ended his cooperation. Id. Hearn's case went to trial.

Prior to trial, Hearn sought to exclude the statements made during the proffer. This Court excluded the statements, except that the Government could use a statement in the proffer if Hearn took a position at trial contrary to that specific statement. The Court also held that the Government could use the statements to impeach Hearn should he take the stand and testify contrary to the statements in the proffer. Id.

Hearn also moved pre-trial to introduce evidence of attorney Beevers' advice regarding the sentences he might face without cooperation. Hearn wanted to introduce this evidence to explain his state of mind during his proffer session with the Government. Hearn wanted to argue that he had motive to exaggerate his involvement in the drug business in his proffer. The Court allowed the motion, but warned that the introduction of this evidence would open the door to introduce evidence that Hearn would be sentenced as a career offender should he be convicted. Id. at 709.

On July 24, 2006, the Government filed a notice that it intended to

introduce evidence of Hearn's March 12, 2003, state court conviction for distribution of cocaine. The Court allowed the motion. The Court held that the conviction was admissible as probative of Hearn's knowledge, lack of mistake and intent to distribute cocaine pursuant to Federal Rule of Evidence 404(b). The Court further noted that Hearn already intended to introduce evidence that he was a career offender. Id. The 2003 conviction was part of the basis for his status as a career offender. Hearn had two prior drug convictions, the 2003 conviction and a conviction in 1999. He also had a conviction for escape. United States v. Hearn, C.D. Ill. Case No. 06-30040, Presentence Investigation Report (Case No. 06-30040 d/e 69), ¶¶ 20, 29, 33, 35.

Hearn now says that he was actually innocent of the 2003 state drug conviction. He states that he pleaded guilty to protect his cousin Jesse Knighton. He states that he told attorney Beevers that he was actually innocent of the 2003 conviction. Attorney Beevers did not challenge the validity of the 2003 conviction or raise Hearn's claim of actual innocence before the Court or in state court. Petition, Exhibits A, Affidavit of Jesse Knighton III, and Exhibit B, Affidavit of Robert Hearn.

At trial, Hearn chose to take the stand in his own defense. He claimed

4

that he was an innocent bystander and the drugs were not his. He explained that he decided to cooperate, and later tried to convince Little G to take the blame, because he thought that a black man with two prior convictions would be convicted regardless of his innocence. Hearn I, 534 F.3d at 710-11. Hearn admitted that he told the agents that he had been dealing drugs since 1997. He testified that his drug dealing ended when he went to prison in 2003. Id. at 711. Hearn also stipulated at trial that he pleaded guilty to the 2003 conviction and that the case involved distribution of crack cocaine. Id. at 713. At the close of trial, the jury found Hearn guilty of the charges. On March 16, 2007, this Court sentenced Hearn as a career offender to 360 months imprisonment. Id. at 711.

Hearn then appealed. While the case was pending on appeal, the Supreme Court decided Kimbrough v. United States, 552 U.S. 85 (2007). The Kimbrough decision held that the district courts had the discretion, when sentencing individuals convicted of trafficking in crack cocaine, to consider the disparity in Sentencing Guidelines between crack and powder cocaine. In light of the decision in Kimbrough, the Seventh Circuit affirmed the conviction, but remanded the case for resentencing. Hearn I, 534 F.3d at 714-15.

Hearn's appellate counsel Shane Brunner and the Government both filed motions for rehearing. Attorney Brunner asked for a rehearing because the Hearn I opinion incorrectly stated that Hearn opined that a heavy crack user would use 11 grams of crack in a few days. Hearn II, 549 F.3d at 682. The Government asked for a rehearing because Hearn's sentence was controlled by the fact that Hearn was a career offender rather than the disparity between crack and powder. Hearn now states that he instructed attorney Brunner not to file the motion for rehearing, but he did so anyway. Petition, Exhibit C, Affidavit of Robert Hearn ¶¶ 4-5.

The Seventh Circuit granted the Government's request for rehearing, but denied Hearn's request. Hearn II, 549 F.3d at 684-85. The Seventh Circuit acknowledged the erroneous statement that Hearn opined about a heavy user's consumption of 11 grams of crack, but determined that the error did not merit a rehearing. Id. at 682-83. The Seventh Circuit agreed with the Government that the Kimbrough decision did not affect sentencing of career offenders for the reasons stated in United States v. Harris, 536 F.3d 798, 812-13 (7th Cir. 2008). Hearn II, 549 F.3d at 684. The Seventh Circuit granted the Government's petition and affirmed the conviction and sentence. Id. at 684-85.

6

Hearn filed a petition for certiorari. The Supreme Court denied the petition on June 15, 2009. United States v. Hearn, __ U.S.__, 129 S.Ct. 2804 (mem.) (June 15, 2009). Hearn filed this Petition on April 20, 2010.

## ANALYSIS

A.  SECTION 2255 PETITION

Hearn raises five grounds for relief in the Petition: (1) he received ineffective assistance of trial counsel because attorney Beevers did not challenge the validity of Hearn's 2003 state conviction; (2) he received ineffective assistance of appellate counsel because appellate counsel Brunner filed a motion for rehearing against his wishes; (3) Hearn's sentence is unconstitutional because courts now may use a "1 to 1 ratio in cases involving crack cocaine, being the only Constitutional ratio which eliminates the disparity between crack and powder cocaine"; (4) he should receive a sentence reduction pursuant to 18 U.S.C. § 3582(c) due to the retroactive amendment to the crack cocaine Sentencing Guidelines; and (5) he should receive a new sentencing hearing in light of the recent decisions that allow sentencing courts to consider the disparity in the treatment of crack cocaine and powder cocaine in sentencing career offenders. In order to receive an evidentiary hearing on his claims, Hearn must present actual proof of the

allegations. Petition at 4; Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). See Section 2255 Rule 8(a). Hearn fails to meet this burden. The Court will address each ground in order.

1. Ineffective Assistance of Trial Counsel

Hearn argues that attorney Beevers was ineffective because he did not challenge the validity of Hearn's 2003 state conviction. To prevail on a claim of ineffective assistance, Hearn must show: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance resulted in prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Hearn argues that he told Beevers that he was actually innocent of his 2003 state conviction, and Beevers' failure to challenge the validity of that conviction fell below the objective standard of reasonableness. The Court disagrees. Beevers' representation of Hearn did not fall below the objective standard of reasonableness when Beevers declined to challenge the validity of the 2003 state conviction. The validity of the 2003 state conviction was a minor issue at trial. The issue was whether Hearn possessed drugs in 2006 with the intent to distribute. Hearn had already admitted selling drugs from 1997 to 2003 in his proffer. Proving that Hearn pleaded guilty once to

8

protect his cousin in 2003 would not have affected Hearn's guilt or innocence of the charges for which he was on trial.[1] The 2003 conviction was also final and no longer open to direct or collateral attack. See Ill. Sup. Ct. R. 604(d) (conviction final after thirty days); 725 ILCS 5/122-1(c) (post-conviction petition must be filed within three years from the date of conviction); 735 ILCS 5/2-1401(c) (motions for relief from judgment must be filed within two years of entry of judgment). As such, Hearn was precluded from attacking the validity of the 2003 conviction at sentencing. Daniels v. United States, 532 U.S. 374, 383 (2001). Beevers properly chose not to waste his efforts pursuing this meritless collateral issue. See Rodriguez v. United States, 286 F.3d 972, 985 (7th Cir. 2002).

    2.    Ineffective Assistance of Appellate Counsel

Hearn complains that his appellate counsel Brunner filed a motion for

---

[1] Hearn's claim of actual innocence also was not a basis, by itself, to challenge his 2003 conviction. A person may constitutionally plead guilty even though he is actually innocent. North Carolina v. Alford, 400 U.S. 25, 31-32 (1970). The Constitution requires that the plea be knowing and voluntary, and supported by a factual basis. Id. at 37-38. Beevers had no reason to believe that Hearn's 2003 plea was not voluntary. By 2003, Hearn was an experienced criminal. See PSR ¶¶ 23-35. He knew what it meant to plead guilty. He chose to plead to the 2003 charge. The plea was also supported by a factual basis. The Knighton Affidavit shows a confidential informant purchased some crack cocaine from Knighton using marked bills; the police then executed a search warrant of a residence in Springfield, Illinois; and Hearn was found with $50 of the marked money on his person. Petition, Exhibit A, Affidavit of Jesse Knighton III ¶¶ 1, 3, 4. Hearn's relationship to seller Knighton and his possession of the marked money provided a factual basis for the plea.

9

rehearing against his express instructions. Hearn, however, suffered no prejudice as a result of Brunner's actions. Hearn lost the opportunity for a new sentencing hearing because the Seventh Circuit allowed the Government's motion for rehearing and affirmed the 360-month sentence. Brunner's motion for rehearing did not cause this.

Hearn seems to be arguing that the Government could not have filed its motion for rehearing if Brunner had never filed his motion. That is incorrect. Either party may file a motion for rehearing regardless of whether the other party files such a motion. Fed. R. App. P. 40. Thus, attorney Brunner's failure to abide by Hearn's instructions did not prejudice Hearn. Hearn did not receive ineffective assistance of appellate counsel.

    3.    <u>Failure to use 1 to 1 Crack to Powder Cocaine Ratio in Sentencing</u>

The Government correctly notes that Hearn raised this issue on direct appeal. Hearn argued on direct appeal that the disparity in the Sentencing Guidelines between crimes involving crack and powder cocaine was unconstitutional. <u>Hearn I</u>, 534 F.3d at 714. He makes the same argument here. An issue that is raised on direct appeal cannot be raised a second time on collateral review. <u>Varela v. United States</u>, 481 F.3d 932, 935-36 (7th Cir.

2007). This ground, therefore, cannot provide a basis for relief under § 2255.

  4.  Retroactive Amendments to the Crack Sentencing Guidelines

Hearn next argues that he should be entitled to a reduction in his sentence because the Sentencing Commission amended the Sentencing Guideline range for crimes involving crack cocaine. U.S.S.G. Supplement to Appendix C, Amendment 706, effective November 1, 2007 (Amendment). The Commission decided that the Amendment should apply retroactively. U.S.S.G. § 1B1.10. Hearn, however, was a career offender. He was sentenced based on the career offender guideline range, not the crack cocaine range. United States v. Forman, 553 F.3d 585, 589-90 (7th Cir. 2009). He is not entitled to a sentence reduction based on Amendment 706.[2]

  5.  The Effect of Recent Precedent

Hearn last argues that he is entitled to a new sentencing hearing in light of recent decisions that hold that courts may consider the disparity

---

[2]In addition, a § 2255 Petition is not the correct motion for securing sentence reduction based on a retroactive amendment to the Guidelines. Hearn should file a motion pursuant to 18 U.S.C. § 3582(c) to secure such relief.

11

between Sentencing Guidelines for crimes involving crack and powder cocaine even if the defendant is a career offender. Vazquez v. United States, __ U.S.__, 130 S.Ct. 1135 (mem.) (January 19, 2010); United States v. Corner, 598 F.3d 411 (7th Cir. 2010). The Corner decision represents a procedural change in the law. The Seventh Circuit did not hold that this change should apply retroactively on collateral review. This Court declines to do so. This Court sentenced Hearn in accordance with existing law then in effect. Such a sentence did not violate his constitutional rights. He is not entitled to habeas relief on this basis.

Hearn also argues that his escape conviction cannot be used as a basis for finding him to be a career offender because escape is not a crime of violence. According to the controlling precedent that existed at the time of Hearn's sentencing, the crime of escape was a crime of violence. United States v. Golden, 466 F.3d 612 (7th Cir. 2006) cert. granted, judgment vacated, __ U.S. __, 129 S.Ct. 988 (2009). Subsequently, the Supreme Court held that the crime of escape may not be a crime of violence, depending on the circumstances. Chambers v. United States, __ U.S.__, 129 S.Ct. 687, 691 (2009). The change in the law is of no importance here because Hearn qualified as a career offender based on his two prior drug

trafficking convictions. U.S.S.G. § 4B1.1(a). Hearn, thus, was properly sentenced as a career offender regardless of whether his escape conviction was a crime of violence.

B. <u>MOTION TO STAY</u>

Hearn asks the Court to stay these proceedings because Congress recently amended the federal sentencing laws to reduce the disparity in sentencing ranges between crimes involving crack and powder cocaine. Hearn asks the Court to stay this matter to see if the Sentencing Commission will again amend the Sentencing Guidelines for crimes involving crack cocaine and will make such Amendments retroactive. The Court sees no reason to stay these proceedings to await the actions of the Sentencing Commission. A § 2255 petition is not the correct means to seek a reduction in sentence based on a retroactive amendment to the Sentencing Guidelines. If the Sentencing Commission makes a retroactive amendment, Hearn should file a motion under 18 U.S.C. § 3582(c) for a reduction in his sentence. The Court may proceed with this matter without affecting Hearn's right to file such a motion should the Commission make a retroactive amendment.

C. <u>CERTIFICATE OF APPEALABILITY</u>

13

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court now considers whether it should issue a Certificate of Appealability (COA). A federal district court should issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A § 2255 petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Rule 11 allows a court to have the parties "submit arguments on whether a certificate should issue." See Rules Governing Section 2255 Cases, Rule 11(a). In this case, the Court finds that such a step is unnecessary. No reasonable jurist would contend that any of Hearn's claims raise any debatable issues. Hearn has not met his burden, and accordingly, the Court denies Hearn a COA.

THEREFORE, Petitioner Robert A. Hearn's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, And Supporting Memorandum Of Law (d/e 1) and his two Motions entitled ADDENDUM To Movant's Motion Under 28 U.S.C. §

2255, and MOTION TO STAY PROCEEDINGS (d/e 8 & 9) are DENIED.

This case is closed.

ENTERED this 12th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE