## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT HEARN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10-3092 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

This matter comes before the Court on Petitioner's Motion to Alter or Amend Judgment Under Rule 59(e) (d/e 12). Hearn asks the Court to alter or amend the Opinion (d/e 10) and Judgment (d/e 11) entered October 12, 2010. To prevail, Hearn must demonstrate a manifest error of law or fact, or present newly discovered evidence. <u>Fed. R. Civ. P.</u> 59(e); <u>LB Credit Corp. v. Resolution Trust Corp.</u>, 49 F.3d 1263, 1267 (7th Cir. 1995). The Court has carefully reviewed the parties' filings and the record and finds no error of law or fact in the Court's decision.

Upon review of the matter, however, the Court believes that Petitioner should receive a certificate of appealability on the issue of whether he should be entitled to a resentencing hearing in light of the Seventh Circuit

Court of Appeals' decision in <u>United States v. Corner</u>, 598 F.3d 411 (7th Cir. 2010). The Court of Appeals originally held that Hearn's sentencing court could not consider the disparity in the Sentencing Guidelines between crack and powder cocaine because Hearn was a career offender. <u>United States v. Hearn</u>, 549 F.3d 680, 684 (7th Cir. 2008). The Seventh Circuit reversed that position in <u>Corner</u>. <u>Corner</u>, 598 F.3d at 415. Upon reconsideration, the Court finds reasonable jurists would debate whether the <u>Corner</u> decision should apply retroactively to Hearn's case. <u>Slack v McDaniel</u>, 529 U.S. 473, 484 (2000). Hearn, thus, raises a substantial showing of a denial of a constitutional right with respect to this issue. 28 U.S.C. § 2253(c)(2). The Court, therefore, will issue a certificate of appealability on this issue.

THEREFORE, Petitioner Robert Hearn's Motion to Alter or Amend Judgment Under rule 59(e) (d/e 12) (Motion) is ALLOWED in part. The Court amends the judgment to add the following:

> Petitioner Hearn is entitled to a certificate of appealability on the issue of whether he should be entitled to a resentencing hearing in light of the Seventh Circuit Court of Appeals' decision in <u>United States v. Corner</u>, 598 F.3d 411 (7th Cir. 2010).

The Clerk is directed to amend the Judgment to add this sentence. The

Motion is otherwise denied.  This case is closed.

ENTERED this 24th day of November, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE